UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGIO M. SER,<br><br>  Petitioner,<br><br>  v.<br><br>DEPUTY CHIEF SEABOCK,<br><br>  Respondent. | Case No. 2:24-cv-00052-GMN-DJA<br><br>**ORDER** |

This is a habeas corpus action brought under 28 U.S.C. § 2241 by Georgio M. Ser.  Ser initiated this action on November 20, 2023, in the United States District Court for the Central District of California; the case was transferred to this Court on December 26, 2023. *See* ECF Nos. 1, 3.

The Court has examined Ser's habeas petition (ECF No. 1) and summarily dismisses this action without prejudice for the reasons explained below.

A federal court cannot grant habeas relief where the petition plainly shows the petitioner is not entitled to such relief. *See* 28 U.S.C. § 2243.  The court conducts an initial review of each habeas petition and orders a response unless it plainly appears that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition….").  A "petition is expected to state facts that point to a real possibility of constitutional error."  Habeas Rule 4, Advisory Committee's Note to 1976 Amendment (citation and internal quotation marks omitted). Any petition that is patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects may be dismissed summarily. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d

1

490, 491 (9th Cir. 1990); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing Habeas Rule 4)).

As an initial matter, the Court finds that Ser's petition is largely incomprehensible and plainly does not state any viable claim.

Furthermore, it appears that Ser brings his petition under the wrong habeas provision.  Information on the website of the Nevada Department of Corrections indicates that Ser is incarcerated at Nevada's High Desert State Prison, serving prison sentences on convictions of attempted kidnapping in the second degree, burglary with use of a deadly weapon, second-degree kidnapping with use of a deadly weapon, assault with a deadly weapon, and battery causing substantial harm. *See* https://ofdsearch.doc.nv.gov/form.php (January 16, 2024).  Ser appears to allege violation of his legal rights in the course of those prosecutions.  As such, his petition must be brought under 28 U.S.C § 2254, not § 2241.

Even if Ser's petition is reviewed as a petition for writ of habeas corpus under 28 U.S.C § 2254, it is plain that his claims are completely unexhausted in state court. A federal court generally may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). There is no indication that Ser has asserted any of his claims in any Nevada appellate court. *See* ECF No. 1, pp. 2–5.

Accordingly, the Court finds Ser's petition fails to state a claim upon which habeas corpus relief could be granted, and it is wholly unexhausted in state court.  This action will be dismissed without prejudice.  If Ser wishes to initiate a new petition for writ

of habeas corpus in this Court, he must submit a petition on the correct form, and he must either pay the filing fee or file a fully completed application to proceed *in forma pauperis*, also on the correct form, including the required financial certificate.  Ser should not put this case number on the documents he submits to initiate a new action.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability because no reasonable jurist would find this ruling to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to serve a copy of this order on the Attorney General of the State of Nevada. The Attorney General need take no action with respect to this case.

DATED THIS 17 day of January, 2024.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE